# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL BROGAN,<br>　　　Petitioner, | Civil Action No. 1:10-cv-173 |
| vs. | Spiegel, J.<br>Bowman, M.J. |
| WARDEN, MADISON CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). This matter is before the Court on the petition and respondent's return of writ. (Doc. 8).

## I.　FACTUAL BACKGROUND

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's conviction and sentence:[2]

> {¶ 1} Defendant-appellant Michael Brogan was charged with two counts of gross sexual imposition. The victim was Brogan's 12-year-old great-niece Courtney, who had been removed from her parents' home and had lived with Brogan and his wife. Count one alleged that Brogan had "sexual contact" with Courtney on a date between April 29, 2004, and October 29, 2005. Count two alleged that Brogan had "sexual contact" with Courtney on April 6, 2006.

---

[1] At the time of filing the instant petition, petitioner was an inmate in state custody at the Madison Correctional Institution. (*See* Doc. 1, p. 1). On April 4, 2011, petitioner provided the Court with a notice of change of address, indicating that petitioner now resides at a Kentucky address. (Doc. 11). When a petitioner was in custody at the time of filing a writ for habeas corpus, the habeas action is not mooted by petitioner's unconditional release prior to completion of the proceedings on the application and the habeas court retains jurisdiction over the matter. *See York v. Tate*, 858 F.2d 322, 324-24 (6th Cir. 1988) (citing *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968)).

[2] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

. . .

{¶ 3} Brogan was tried to the court. At trial, Courtney testified as to count one that one night while she was living with the Brogans, she had gone to sleep in bed next to Brogan's wife. When Courtney woke up, Brogan's wife was gone and Brogan was in bed with her. Brogan had his hand under Courtney's nightgown and inside her bra, and he was stroking her breast. Subsequently, Courtney went back to her parents' home to live. Courtney testified as to count two that on April 6, 2006, she had gone to the circus with the Brogans, and that she was staying overnight at their home. Courtney fell asleep on an air mattress in the living room. She awoke to find Brogan, who was lying on the couch, with his hand in her bra, touching her breast.

{¶ 4} Brogan's sister-in-law was permitted to testify, over defense counsel's objection, that in 1977 or 1978, when she was Courtney's age, Brogan had touched her breast under similar circumstances, had fondled her genital area, and had held her foot on his penis. She also testified that Brogan had given her alcohol and marijuana when she was 13.

{¶ 5} Brogan denied that he had committed the offenses.

(Doc. 8, Ex. 16, pp. 2-3).

## II.     PROCEDURAL HISTORY

### State Trial and Appellate Proceedings

On November 15, 2006, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of Gross Sexual Imposition in violation of Ohio Rev. Code § 2907.05(A)(4). (Doc. 8, Ex. 1). Petitioner entered a plea of not guilty to the charges on December 1, 2006. (Doc. 8, Ex. 2). Prior to trial, petitioner filed a motion to dismiss count one for failure to provide sufficient notice of the date, time and circumstances of the alleged offense (Doc. 8, Ex. 3), a motion in limine to exclude the testimony of certain witnesses regarding prior crimes or acts allegedly committed by petitioner of a similar nature to the counts of the indictment (Doc. 8, Ex. 5), and a motion for separate trials for each count of the indictment. (Doc. 8, Ex. 6). The trial court overruled petitioner's motions to dismiss count one (Doc. 8, Tr.

2

22) and to separate the two counts for trial. (Doc. 8, Ex. 7). In response to petitioner's motion in limine to exclude testimony of certain witnesses, the trial court reserved its ruling on the matter, finding that the motion was premature. (Doc. 8, Tr. 21-22).

On September 24, 2007, the prosecution filed a notice of intention to use evidence of other similar acts of the petitioner. (Doc. 8, Ex. 8). Through counsel, petitioner filed an objection reasserting the arguments presented in petitioner's motion in limine to exclude certain witness testimony. (*See* Doc. 8, Ex. 9). After conducting an in camera hearing, the trial court found that the testimony was permissible under Ohio R. Evid. 404(B) and Ohio Rev. Code § 2945.59. (Doc. 8, Ex. 10).

On October 1, 2007, petitioner waived his right to a trial by jury and elected to proceed with a bench trial. (Doc. 8, Ex. 11). Petitioner was found guilty of both charges and sentenced to two-year terms of imprisonment for each count, with the sentences to be served concurrently. (Doc. 8, Ex. 12).

On November 26, 2007, through the same counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 8, Ex. 13). Petitioner raised the following assignments of error challenging his conviction and sentence:

1. THE COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESS TESTIMONY.

2. THE COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT BROGAN'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT.

3. THE COURT ERRED AS A MATTER OF LAW IN DENYING SEPARATE TRIALS OF THE FIRST COUNT AND OF THE SECOND COUNT OF THE INDICTMENT TO DEFENDANT-APPELLANT BROGAN.

(Doc. 8, Ex. 14). On October 17, 2008, the Ohio appellate court overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 16).

On December 1, 2008, through new counsel, petitioner filed a timely notice of appeal with the Ohio Supreme Court. (Doc. 8, Ex. 17). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> The Trial Courts Determination Other-Acts Evidence is Admissible Pursuant to Evid. R. 404(B) is an Affirmative Demonstration the Trial Court Believed the Evidence was Relevant and Material and Thus Considered by the Trial Court in its Decision in a Bench Trial.

(Doc. 8, Ex. 18). On March 4, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 20).

### Motion for Judicial Release

On November 3, 2009, petitioner filed a motion for judicial release. (Doc. 8, Ex. 21). The trial court overruled the motion on December 2, 2009. (Doc. 8, Ex. 22).

### Federal Habeas Corpus

On February 16, 2010, petitioner commenced the instant habeas corpus action.[3] (Doc. 1). In the petition, petitioner asserts the following grounds for relief:

> GROUND ONE:
> THE TRIAL COURT ERRED IN DENYING PETITIONERS MOTION IN LIMINE TO EXCLUDE TESTIMONY OF SISTER-IN-LAW.
>
> Petitioner's sister-in-law was permitted to testify (over objection), that in 1977 or 1978, petitioner had touched her breast under similar circumstances as the plaintiff claimed happened to her.

---

[3] The petition was stamped as "filed" with the Court on March 16, 2010. (Doc. 1, p. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on February 16, 2010. (*See* Doc. 1, p. 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on February 16, 2010.

4

>   GROUND TWO:
>   TRIAL COURT ERRED IN DENYING PETITIONERS MOTION TO DISMISS COUNT ONE OF THE INDICTMENT.
>
>   The indictment did not give a specific date, depriving petitioner of the opportunity to defend against the charge.
>
>   GROUND THREE:
>   THE TRIAL COURT ERRED IN REFUSING TO SEVER THE COUNTS OF INDICTMENT FOR TRIAL.
>
>   The evidence to each crime was not simple and direct with a common scheme or plan and petitioner was prejudiced by non-sever[ance].  There was no specific dates or times of crimes alleged by plaintiff.

(Doc. 1).

Respondent opposes the petition.  (Doc. 8).  It the return of writ, respondent argues that petitioner has procedurally defaulted his claims for relief.  *Id*.  Respondent contends that petitioner committed a procedural default of Grounds Two and Three by failing to present the claims to the Ohio Supreme Court and of Ground One by failing to raise the claim as a federal constitutional question in the Ohio courts.  *Id*. at 8-14.  In the alternative, respondent argues that Ground One is without merit.  *Id.* at 14-19.

**III.  GROUNDS TWO AND THREE ARE PROCEDURALLY DEFAULTED BECAUSE PETITIONER FAILED TO FAIRLY PRESENT THE CLAIMS TO THE OHIO SUPREME COURT.**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c).  *See also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*);

5

*Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 99-100 (6th Cir. 1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also Murray v. Carrier,* 477 U.S. 478, 495 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

Here, as respondent has argued, petitioner did not satisfy the fair presentation requirement with regard to the claims asserted in Grounds Two and Three because he never presented those claims to the Ohio Supreme Court. (*See* Doc. 8, Ex. 18). Though petitioner raised the three claims alleged in the instant petition on direct appeal with the Ohio Court of Appeals, petitioner only raised the claim asserted in Ground One on appeal to the Ohio Supreme Court. *Id.* Because petitioner failed to present the state's highest court with an opportunity to correct the errors alleged in Grounds Two and Three, he has waived the claims unless he demonstrates cause for and prejudice from his procedural default in the state courts or that failure to consider the claims will result in a "fundamental miscarriage of justice." *See, e.g.*, *Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 495.

6

In this case, petitioner has not provided any justification as "cause" for his procedural default. Petitioner has also not demonstrated that failure to consider his claims for relief will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Accordingly, the Court finds Grounds Two and Three procedurally defaulted and waived.

**IV. GROUND ONE IS NOT COGNIZABLE IN HABEAS CORPUS AND, TO THE EXTENT PETITIONER INTENDS TO RAISE A CONSTITUTIONAL CLAIM, THE CLAIM IS PROCEDURALLY DEFAULTED BECAUSE HE FAILED TO PRESENT THE FEDERAL ISSUE TO THE OHIO COURTS.**

The Court is precluded from reviewing petitioner's grounds for relief to the extent that they are based on alleged violations of state law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994) (citing *Logan v. Marshall*, 680 F.2d 1121, 1123 (6th Cir. 1982)).

In Ground One, petitioner contends that the trial court erred in failing to exclude the testimony of his sister-in-law regarding alleged prior acts. (Doc. 1, p. 5). The admissibility of other crimes or acts under Ohio law is governed by Ohio Rev. Code § 2945.59 and Ohio R. Evid. 404(B). *See State v. Broom*, 533 N.E.2d 682, 689-90 (Ohio 1988). Petitioner challenged the

7

trial court's ruling on direct appeal according to these provisions of state law[4] and petitioner has not argued that the alleged error resulted in a constitutional violation of any kind in the instant petition. (*See* Doc. 1). To the extent that petitioner challenges the Ohio court's evidentiary ruling, his claim is not cognizable. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) ("[T]o the extent that [petitioner] claims that the trial court's admission of the 'other acts' evidence violated Ohio R. Evid. 404(B), he does not provide a cognizable basis for granting habeas relief."); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.").

In any event, to the extent that petitioner has raised a cognizable claim of constitutional error in Ground One of his petition, petitioner has procedurally defaulted the claim because he failed to present the federal issue to the Ohio courts.

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987)). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin*, 811 F.2d at 325 (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). *See also Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228

---

[4] On direct appeal, petitioner argued that the Ohio trial court erred in overruling his motion in limine because the other acts evidence was not permissible under Ohio R. Evid. 404. (Doc. 8, Ex. 14, pp. 4-8). Petitioner claimed that the challenged testimony concerned prior acts allegedly occurring twenty-eight years ago and was not probative of misconduct in his current case. *Id.* at 8.

F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin*, 811 F.2d at 326).

The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin*, 811 F.2d at 326. "While a petitioner need not cite chapter and verse of constitutional law, general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated." *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (internal citation and quotation marks omitted). Generally, a claim is not fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004).

In the instant case, petitioner failed to fairly present to the Ohio appellate court any federal constitutional claim stemming from Ground One of his habeas petition. On direct appeal, petitioner assigned as error the same trial court rulings as he raises in the instant petition. (*See* Doc. 8, Ex. 14). In his appellate brief, petitioner relied solely on provisions contained in the Ohio Revised Code and Ohio Rules of Evidence, as well as state cases addressing those provisions. *Id.* Petitioner did not cite to any federal or state cases employing constitutional

9

analysis,[5] did not phrase his claims in terms of constitutional law or in terms sufficiently particular to allege a constitutional violation, or allege facts within the mainstream of constitutional law. *See McMeans*, 228 F.3d at 681. Though petitioner's brief includes a single reference to being denied a fair trial (*See* Doc. 8, Ex. 14, p. 8), such a general allegation is not sufficient to demonstrate that the federal issue was fairly presented when petitioner framed his arguments to the Ohio appellate court based entirely on state evidentiary law. *See Franklin*, 811 F.2d at 326.

A state appellate court deciding whether a trial court abused its discretion or otherwise committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounted to a constitutional due process violation. *Harsh v. Warden*, No. 1:08-cv-433, 2009 WL 3378246, at *7 (S.D. Ohio Oct. 15, 2009) (citing *Petrucelli v. Coombe*, 735 F.2d 684, 690 (2nd Cir. 1984), and *Steele v. Taylor*, 684 F.2d 1193, 1206 (6th Cir. 1982)). In this case, the Ohio Court of Appeals was the only court that issued a reasoned decision addressing petitioner's claims on the merits. (*See* Doc. 8, Ex. 16). Because the court was not made aware of any constitutional concerns, it considered and determined the issues as argued by petitioner, solely in terms of state law:

> {¶ 6} Brogan's first assignment of error alleges that the trial court erred in denying Brogan's motion in limine to exclude the testimony of his sister-in-law.
>
> {¶ 7} Evid.R. 404(B) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

---

[5] Petitioner's sole citation of federal law is to *United States v. Feinman*, 930 F.2d 495 (6th Cir. 1991). (*See* Doc. 8, Ex. 14, p. 5-6). In that case, the Sixth Circuit considered whether "other acts" evidence admitted against a federal defendant was properly admitted under Fed. R. Evid. 404(b). *Feinman*, 930 F.2d at 498-99. Though the *Feinman* Court addressed whether or not the defendant was denied his due process rights, the Court did so in response to a separate argument made by the defendant in that case. *See id.* at 498. In this case, petitioner cited the decision in his appellate brief for the Sixth Circuit's discussion of the admissibility of "other acts" testimony. (*See* Doc. 8, Ex. 14, p. 5-6).

absence of mistake or accident." Similarly, R.C. 2945.59 provides that "[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶ 8} The Ohio Supreme Court has suggested that the two provisions are parallel and should be read in conjunction with one another.[FN1] The rule and the statute "must be construed against admissibility and the standard for determining admissibility of such evidence is strict." [FN2] The trial court must determine whether the other-acts evidence is relevant to the charged crime and whether it is material to any issue in question at trial.[FN3] To determine the relevancy of other-acts evidence, the trial court "looks to the temporal, modal, and situational relationship between the other act and the crime at issue." [FN4] The determination of materiality "addresses itself not to the nature of the 'other acts' evidence in relation to the charged crime, but to the circumstances shown to surround the charged crime and, in particular, to the nature of the defense to that charged crime." [FN5]

> FN1. See *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682; *State v. Love* (June 4, 1997), 1st Dist. No. C-960499; *State v. Clemons* (1994), 94 Ohio App.3d 701, 641 N.E.2d 778.
>
> FN2. See *State v. Broom,* supra.
>
> FN3. See *State v. Snowden* (11976), 49 Ohio App.2d 7, 359 N.E.2d 87; *State v. Love,* supra.
>
> FN4. See *id.*
>
> FN5. See *id.*

{¶ 9} In this case, the state argues that Brogan's sister-in-law's testimony was admissible to show that Brogan's motive in touching Courtney was sexual gratification. But Brogan's motive was not at issue. The only question before the trial court was whether the offenses had occurred. Brogan's defense was that the incidents had never happened. The acts about which Brogan's sister-in-law testified took place approximately 28 years before the charged offenses, far too distant in time to have any permissive probative value for the crimes charged in this case. The sister-in-law's testimony was not material to any issue in question at trial. The only conceivable purpose in admitting the testimony was to show that Brogan was a "bad person" who had acted in conformity with his character in committing the offenses against Courtney.

> {¶ 10} The trial court erred in admitting the testimony of Brogan's sister-in-law, but we hold that the error was harmless because the trial court stated that it found Courtney to be credible and that it was making its decision based on Courtney's credibility. The court stated that "everything else washes out including the allegations of prior acts." A trial court is presumed to have considered only relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.[FN6] The trial court clearly stated that it had relied not on the prior-bad-acts testimony, but on Courtney's testimony, which it found to be credible. Brogan was tried by an experienced trial judge, and we take the judge at his word that he did not consider the evidence. The first assignment of error is overruled.
>
>> FN6. See *State v. Post* (1987), 32 Ohio St.3d 380, 513 N.E.2d 754; *State v. White* (1968), 15 Ohio St.2d 146, 239 N.E.2d 65; *State v. Hancock,* 1st Dist. No. C-030459, 2004-Ohio-1492.

(Doc. 8, Ex. 16, pp. 3-5).

By thus failing to fairly present any federal constitutional claims alleged in the petition to the Ohio Court of Appeals, petitioner committed a procedural default. Even assuming that he raised a constitutional issue in his memorandum in support of jurisdiction on further appeal to the Supreme Court of Ohio,[6] the claim remains defaulted because the Supreme Court of Ohio lacks jurisdiction to consider constitutional claims that a defendant has failed to assert to the Ohio Court of Appeals. *See* Ohio Const. art IV, § 2(B)(2). *See also Leroy*, 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982); *State v. Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965). Because petitioner failed to provide Ohio's highest court with an opportunity to correct the alleged constitutional error, he has waived the claim for purposes of federal habeas corpus review in the absence of any showing by him of "cause" for his default and actual

---

[6] In his appeal to the Ohio Supreme Court, petitioner did state that the trial court's ruling on the prior acts testimony infringed on his constitutional trial rights. (Doc. 8, Ex. 18, p. 5). However, petitioner argued that the alleged evidentiary error denied him the ability to "enjoy the full value of trial rights guaranteed in the Ohio Constitution."

prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750. *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

As noted previously, petitioner has not provided any justification as "cause" for his procedural defaults. He also has not shown that failure to consider his evidentiary claim will result in a "fundamental miscarriage of justice." Thus, petitioner's grounds for relief are waived to the extent petitioner alleges a violation of his federal rights.[7]

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the grounds alleged in his petition because: (1) his claim asserted in Ground One is not cognizable to the extent he alleges the trial court erred under Ohio law and is procedurally defaulted to the extent that he has raised a constitutional issue cognizable in habeas corpus; and (2) petitioner has procedurally defaulted the claims raised in Grounds Two and Three because he failed to fairly present the claims to the Ohio Supreme Court. Because petitioner has not demonstrated "cause" for his procedural defaults or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that petitioner has waived his claims for federal habeas relief. Therefore, it is **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be **DENIED** with prejudice.

---

*Id.*

[7] It is further noted that, as respondent has argued in the alternative, it appears that petitioner's claim lacks merit. In delivering his verdict, the trial judge clearly stated that he based his decision on the alleged victim's testimony and not on the evidence of prior acts. (Doc. 8, Tr. 355-57). Accordingly, petitioner cannot demonstrate that the admission of the other acts evidence denied him a fair trial or "had a substantial and injurious effect or influence in determining the…verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief as raised in Grounds Two and Three, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[8]

A certificate of appealability should also not issue with respect to the claim alleged in Ground One of the petition, which this Court has concluded is waived and thus barred from review on a procedural ground, because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated a viable constitutional claim for relief. *See Slack,* 529 U.S. at 484-85.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[8] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL BROGAN,  
    Petitioner,

vs.

WARDEN, MADISON CORRECTIONAL INSTITUTION,  
    Respondent.

Civil Action No. 1:10-cv-173

Spiegel, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).