UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROGAN, | : | NO. 1:10-CV-173 |
| Petitioner, | : | |
| vs. | : | **OPINION AND ORDER** |
| WARDEN, MADISON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 12), to which there were no objections. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

Petitioner was indicted by the Ohio grand jury on November 15, 2006 on two counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4) (doc. 12). On October 1, 2007, Petitioner waived his right to a trial by jury and elected to proceed with a bench trial (Id.). Petitioner was found guilty of both charges and sentenced to two-year terms of imprisonment for each count, with the sentences to be served concurrently (Id.). Petitioner filed his petition for habeas corpus on February 16, 2010 (Id.). Petitioner asserts three grounds for relief. One, that the trial court erred in denying his motion in limine to exclude testimony of sister-in-law (Id.). Two, that the trial

court erred in denying Petitioner's motion to dismiss count one of the indictment (Id.).  And Three, that the trial court erred in refusing to sever the counts of indictment for trial (Id.).

The Magistrate Judge found that Grounds Two and Three are procedurally defaulted because Petitioner failed to fairly present the claims to the Ohio Supreme Court (Id.).  The Magistrate Judge found that Petitioner failed to provide any justification as cause for his procedural default (Id.).  The Magistrate Judge found that Petitioner also did not demonstrate that failure to consider his claims for relief will result in a "fundamental miscarriage of justice" (Id. citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Schlup v. Delo, 513 U.S. 298, 327 (1995)).

The Magistrate Judge found that Ground One is not cognizable in habeas corpus (Id. citing Kelly v. Withrow, 25 F.3d 363, 370 (6th Cir. 1994)).  The Magistrate Judge added that to the extent Petitioner intends to raise a constitutional claim, the claim is procedurally defaulted because he failed to present the federal issue to the Ohio courts.  The Magistrate Judge stated that there are four guidelines for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature, none of which Petitioner satisfied (Id. citing McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)).  Moreover, the Magistrate Judge found that Petitioner has not provided any justification as "cause" for his procedural defaults (Id.).

2

Having reviewed this matter, and noting no objections, the Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects. The Magistrate Judge's analysis was thorough, complete, and well-reasoned.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1). The Court further DECLINES to issue certificate of appealability with respect to Petitioner's claims for relief as raised in Grounds Two and Three, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). Similarly, the Court DECLINES to issue a certificate of appealability with respect to the claim alleged in Ground One of the Petition, which this Court has concluded is waived and thus barred from review on a procedural ground, because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether Petitioner has stated a viable constitutional claim for relief. <u>Slack</u>, 529 U.S. at 484-85.

Finally, with respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, the Court CERTIFIES pursuant

3

to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. 24(a), Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.

DATED: August 23, 2011   /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge